IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.    ROBYN PARKER, )<br>)<br>        Plaintiffs, )<br>)<br>vs. )<br>)<br>1.    UNIVERSAL PROTECTION SERVICE, LP )<br>d/b/a ALLIED UNIVERSAL SECURITY SERVICES; )<br>2.    DETENTION OFFICER REGAL; )<br>3.    CITY OF TULSA, OKLAHOMA; )<br>)<br>        Defendants. ) | Case No. 25-CV-00068-MTS |

**DEFENDANT UNIVERSAL PROTECTION SERVICE, LP, d/b/a ALLIED UNIVERSAL SECUIRTY SERVICES'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW, Defendant Universal Protection Service, LP, D/B/A Allied Universal Security Services, by and through Counsel and submits the following Motion to Dismiss and brief in support.

**INTRODUCTION**

Plaintiff's Petition alleges that while she was a pretrial detainee she was subject to improper use of force[1]. Plaintiff claims this use of force was negligent and a civil rights violation under 42 U.S.C. § 1983. According to the Petition, Allied, a private correctional provider, staffed the Tulsa Municipal Jail at the time of this incident. The Petition then equates all the policies, practices, and customs of Allied and the City of Tulsa. See paragraphs 23-24, for example. Plaintiff alleges that "**the City and Allied** failed to adequately train and supervise their officers, including DO Regal…" *Id.* The Petition makes no distinction between

---

[1] The factual statements are taken from the Petition. Defendant does not admit these facts happened, and reserve the right to dispute all factual accounts. However, as the facts of the Petition are taken as true in the Motion to Dismiss stage, Defendant will use those facts for this motion.

the City of Tulsa and Allied. The Petition fails to state when Allied became involved with the City of Tulsa and the jail, or provide any Allied specific details or allegations. Plaintiff's Petition should be dismissed for two essential reasons:

1. Plaintiff failed to comply with the Oklahoma Governmental Tort Claims Act; and
2. Plaintiff failed to identify any unconstitutional policy or custom of Allied which was the moving force which led to any of Plaintiff's injuries.

## **STANDARD for MOTIONS TO DISMISS**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957)). Courts must view plaintiff's well pled facts in the light most favorable to the nonmoving party. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). However, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. The rule in *Twombly* has been adopted and applied by the Tenth Circuit. *See Ton Services, Inc. v. Qwest Corporation*, 493 F.3d 1225, 1236 (10th Cir. 2007) (noting the Court's articulation of a new plausibility standard in *Twombly*); *see also Alvarado v. KOB-TV*, 493 F.3d 1210, 1215 (10th Cir. 2007) (adopting the plausibility standard).

The court need not credit bald assertions or legal conclusions. *Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256, 260 (3rd Cir. 2007) (citation omitted). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted). A "[p]laintiff's obligation to provide the 'grounds' of their

entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredensen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1964-65).

The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a Rule 12(b)(6) Motion to Dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Christy Sports, L.L.C. v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009)). Indeed, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. at 1960). It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Where the complaint pleads only facts that do not permit the court to infer more than the mere possibility of misconduct, such complaint has not shown that the plaintiff is entitled to relief. *Id*. at 1950; *see also* Fed. R. Civ. P. 8(a)(2). Further, where a complaint contains no more than mere legal conclusions, such conclusions are not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1949-50. Rather, a plaintiff must allege enough factual matter which, taken as true, suggests the legal conclusion plaintiff asserts. *Id.* at 1950. While the pleading standard of Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Id*. at 1949.

### **PLAINTIFF FAILED TO COMPLY WITH THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT AND HER CASE SHOULD BE DISMISSED**

The Petition alleges that Allied is a "foreign for-profit limited partnership" staffing a municipal correctional facility. In other words, Allied is alleged to be a private correctional company. Plaintiff alleges that Allied operated, trained, staffed, and generally ran the City of Tulsa Municipal Jail. See paragraphs 8, 10, 20, 23, 24, 25, 36, 37, 46, 47, 63-68. Helpfully, Oklahoma has a statute which directly addresses how a party may bring a claim against a private correctional company, like Allied. No person shall maintain a tort action against a private correctional company "until all of the notice provisions of the Governmental Tort Claims Act ("GTCA") have been fully complied with by the claimant." 57 O.S. § 566.4 (B)(2).

The Oklahoma Supreme Court examined this law and held GTCA notice is required to maintain a lawsuit against a private correctional company, such as Allied. In *Hall v. GEO Grp., Inc.*, 2014 OK 22, 324 P.3d 399, the Court held, the GTCA notice provisions apply to a private correctional company. Prior to bringing any claims against a private correctional company, the plaintiff must comply with the GTCA notice provisions.

Relying upon 57 O.S. § 566.4, the Supreme Court held that compliance with the GTCA was required. The *Hall* plaintiff alleged injury by the employees of the defendant GEO (a private correctional company). Following summary judgment for the defendant, the case was retained by the Oklahoma Supreme Court. While neither party in *Hall* briefed 57 O.S. § 566.4 to the trial court, the Supreme Court requested that both parties brief that issue. Following the briefing, the Supreme Court held that GTCA notice was required. Stating:

> **PURSUANT TO THE GTCA,** 57 O.S.2011 § 566.4, **THE NOTICE PROVISIONS OF THE GTCA APPLY TO TORT ACTIONS BROUGHT BY PRISONERS AND FORMER PRISONERS AGAINST PRIVATE CORRECTIONAL FACILITIES. NOTICE IS A MANDATORY PREREQUISITE TO FILING A CLAIM FOR TORT DAMAGES AND THERE HAS BEEN NO COMPLIANCE WITH THE GTCA. BECAUSE NOTICE OF A CLAIM IS ONLY**

**TOLLED 90 DAYS DUE TO INCAPACITY FROM INJURY, THE CAUSE MUST BE DISMISSED AS UNTIMELY FILED.**

(emphasis in original) *Id.*, at ¶ 10. The Court found this statute to be jurisdictional and the claim could not proceed as it had not been followed. Under *Hall*, Plaintiff's claim should be dismissed as she failed to comply with the notice provisions of the GTCA.

The GTCA requires notice to be provided to the state or political subdivision within one year of the date of loss. 51 O.S. § 156. The alleged date of loss in Plaintiff's Petition is January 9, 2023. Thus, Plaintiff would have had to provide notice to Allied by January 9, 2024. Allied and the Court are bound by allegations within the four corners of the Petition for a motion to dismiss. The Petition is wholly silent on compliance with the GTCA. The Petition fails to mention any notice being provided to Allied, or any claim being denied by Allied, or any pre-suit notice requirements being met. These absences speak volumes towards compliance.

The Petition should be dismissed because it fails to allege compliance with the notice provisions of the Act as required by *Willbourn v. Tulsa*, 1986 OK 44, 721 P.2d 803, stating:

> If recovery is sought under the Political Subdivision Tort Claims Act, the petition must factually allege either actual or substantial compliance with § 156 of the Act to withstand a demurrer.

*Willborn v. City of Tulsa*, 1986 OK 44, ¶ 5, 721 P.2d 803, 805. Here, Oklahoma law requires a party comply with GTCA notice provisions before initiating suit. Plaintiff makes no attempt to demonstrate compliance in the Petition and her claims should be dismissed.

*Hall* also held that a plaintiff must exhaust all statutory remedies prior to initiating suit. *Hall* at ¶ 13. This is found in 57 O.S. § 566.5. These notice provisions are jurisdictional

requirements that Plaintiff has failed to meet. Failure to comply with these elements deprives the Court of jurisdiction and dismissal is appropriate.

### PLAINTIFF ALSO FAILS TO DEMONSTRATE THE LEGAL REQUIREMENTS NECESSARY TO MAINTAIN HER CLAIM AGAINST ALLIED UNDER 42 U.S.C. § 1983

The only way Plaintiff may maintain her claim under 42 U.S.C. § 1983 as to Allied must be the concession that Allied is a state actor, or a municipality. By its text 42 U.S.C. § 1983 only applies to actions done under color of law by a state/government actor. Thus, despite never explicitly making that allegation in the Petition, Plaintiff must be making it.

Municipal liability under 42 U.S.C. § 1983 exists under the *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) rubric. *Monell* liability only exists when the violation occurs as the result of a policy or custom which directly caused the injury. A municipality may not be liable for the constitutional violations of its employees under a vicarious liability, or *respondeat superior*, standard.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell, supra*, n.2 at 694. To succeed on a constitutional claim against a municipality, a plaintiff must demonstrate (1) the existence of an official policy or custom, (2) a direct causal link between the policy or custom and the constitutional injury alleged, and (3) deliberate indifference by the municipality. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-70 (10th Cir. 2013). The official policy or custom must be the "moving force" behind the alleged constitutional violation. *Monell, supra*, n.2 at 694. Plaintiff has not met this burden, and this action should be dismissed for failure state a claim upon which relief may be granted.

The Petition fails the very first step: it fails to allege a specific policy or custom of Allied in existence. Paragraph 23 of the Petition is the first mention of any custom or policy. The Petition is a mere threadbare recital of the elements of a cause of action, supported by conclusory statements but with little to no factual support. Plaintiff fails to identify any custom or policy, she just concludes that one exists. She does not identify what this policy or custom does, or how it works, or any details. It's a mere boilerplate term thrown into the Petition to overcome a dismissal motion.

Plaintiff then goes on for several paragraphs about allegations of other instances of allegedly "unreasonably excessive force on compliant, nonresistant inmates, causing them serious injury." Paragraph 25 of the Petition. Throughout these multiple paragraphs, Plaintiff never distinguishes a City of Tulsa policy or custom, or an Allied policy or custom. Plaintiff fails to identify if any of these alleged instances even involved an Allied employee, or were even known about by Allied. If no one at Allied knew of these prior incidents, then it would be impossible to demonstrate that they were a "custom or policy" of Allied.

According to *Monell*, and its progeny, the custom must be so widespread as to be beyond doubt:

> Congress included customs and usages [in § 1983] because of the persistent and widespread discriminatory practices of state officials . . . . Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law.

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978). Plaintiff's Petition fails to describe how any act of Allied is so widespread and well settled as to constitute a custom or policy of Allied.

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.

*Id.*, at 694. Plaintiff has alleged some lurid facts, but in no instance does she differentiate between Allied and the City of Tulsa, nor meet her pleading burden. Indeed, in paragraph 47, Plaintiff seems to point the entire claim at the City of Tulsa, by quoting a Tulsa Police Department Major, "…City oversees Allied's policies procedures, and conduct at the Jail." Petition at paragraph 47. While this is certainly not proof, these are the allegations Plaintiff put forth as support for this custom or policy.

Municipal liability must also include specific allegations showing the conduct was "deliberate," negligence alone does not suffice. In *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, the United States Supreme Court reviewed municipal liability under §1983. A plaintiff must show deliberate conduct by the defendant. Stating:

> As our § 1983 municipal liability jurisprudence illustrates, however, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). Plaintiff must allege facts showing Allied was deliberately indifferent to her. Aside from conclusory allegations, the Petition fails to do so.

> We held that, quite apart from the state of mind required to establish the underlying constitutional violation—in that case, a violation of due process, 489 U.S., at 388–389, n. 8, 109 S.Ct., at 1205, n. 8—a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with "deliberate indifference" as to its

known or obvious consequences. *Id.,* at 388, 109 S.Ct., at 1204. A showing of simple or even heightened negligence will not suffice. *Id.*, at 407. Here, Plaintiff fails to make the required showing to support a § 1983 claim against Allied. She fails to articulate any custom or policy that is a moving force behind her injury. At best, she describes the actions of one rogue detention officer and other unrelated incidents. She fails to connect an Allied policy to these acts. She fails to allege that Allied's acts or omissions demonstrate the requisite deliberate indifference. Her Petition should be dismissed.

WHEREFORE, Defendant Universal Protection Service, LP, D/B/A Allied Universal Security Services, respectfully requests this Court dismiss Plaintiff's Petition, along with any other relief deemed just and proper.

Respectfully submitted,

By  */s/ Jon Williford*
Joseph E. Stall, OBA 32875
jstall@rhodesokla.com
John M. Williford, OBA 19508
Jwilliford@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173; (918) 592-3390 (fax)
***Attorneys for Defendants, Allied Universal Service***

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of February 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

*Attorneys for Plaintiff:*

| | |
|---|---|
| Daniel E. Smolen | danielsmolen@ssrok.com |
| Robert M. Blakemore | bobblakemore@ssrok.com |
| 701 S. Cincinnati Ave. | |
| Tulsa, OK 74119 | |

*Attorneys for the City of Tulsa:*

| | |
|---|---|
| David E. O'Meilia | domeilia@cityoftulsa.org |
| Gerald M. Bender | gbender@cityoftulsa.org |
| Kristina L. Gray | kgray@cityoftulsa.org |
| R. Lawson Vaughn | lvaughn@cityoftulsa.org |
| City of Tulsa, Oklahoma | |
| City Hall @ One Technology Center | |
| 175 E. Second Street, Suite 685 | |
| Tulsa, OK 74103 | |

                                                    */s/ Jon M. Williford*