**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROBYN PARKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 25-CV-068-JFH-MTS |
| | ) | |
| UNIVERSAL PROTECTION | ) | |
| SERVICE, LP., d/b/a ALLIED | ) | |
| UNIVERSAL SECURITY SERVICES, | ) | |
| DETENTION OFFICER REGAL, | ) | |
| CITY OF TULSA, OKLAHOMA | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court are Defendant Universal Protection Service, L.P.'s Motion to Complete the 30(b)(6) Deposition Out of Time (Docket No. 70), and Plaintiff Robyn Parker's Motion to Compel Additional Examination Pursuant to Rule 30(b)(6). (Docket No. 73). After considering the parties' briefing on the matter, arguments by counsel at the hearing, and the applicable caselaw, the Court hereby **DENIES** Defendant's Motion (Docket No. 70), and **GRANTS IN PART and DENIES IN PART** Plaintiff's Motion (Docket No. 73).

### Background

This case was properly removed to this Court on February 11, 2025. (Docket No. 2). On March 14, 2025, Plaintiff Robyn Parker ("Plaintiff") and Defendants Universal Protection Service, L.P. ("Defendant") and City of Tulsa, Oklahoma ("Co-Defendant") filed their Joint Status Report wherein they requested a discovery cutoff date of November 11, 2025. (Docket No. 19 at 3). A scheduling conference was held on June 11, 2025, during which the parties discussed the discovery cutoff deadline. (Docket No. 31). Based on a discussion with the parties and the Court's review, a discovery deadline of March 31, 2026, was entered. (Docket Nos. 31, 32). On March 10, 2026,

the parties filed a Joint Motion to Extend All Scheduling Order Deadlines requesting that the Court extend the discovery deadline to June 29, 2026. (Docket No. 45 at 4). The Court entered an Amended Scheduling Order on March 12, 2026, extending discovery to June 29, 2026, and cautioned that no further extensions would be granted.[1] (Docket No. 46).

Despite the Court's warning about further extensions, Plaintiff and Defendant each filed their own motions seeking additional time.[2] (Docket Nos. 59, 60). Defendant filed its Motion to Extend Certain Scheduling Order Deadlines on June 18, 2026, requesting additional time on two of the deadlines including an additional thirty days for discovery.[3] (Docket No. 59 at 2). That same day, Plaintiff filed her Motion to Extend Scheduling Order Deadlines by Ninety Days requesting that all deadlines be extended by ninety days, with a discovery deadline of September 28, 2026. (Docket No. 60 at 4). The Court held a hearing on both motions and entered its Order on June 24, 2026. (Docket Nos. 62, 63). Based in part on Defendant's failure to provide documents in a timely manner, the Court extended certain deadlines. (*See* Docket No. 62). Notably, the Court permitted Plaintiff to complete the deposition of Defendant's corporate representative out of time but imposed a deadline of July 17, 2026, to do so. *Id.* at 1. The Court also previously instructed the parties at the hearing that if they anticipated any issues arising regarding the deposition, they should file a motion for protective order prior to the deposition. (Docket No. 63).

---

[1] With the entry of the Amended Scheduling Order, the parties were provided one year and three weeks to complete discovery. *Id.*

[2] Co-Defendant did not object to either request for extension. (*See* Docket Nos. 59 at1; 60 at 3).

[3] Specifically, Defendant requested an extension of the new discovery cutoff date to July 29, 2026, and the dispositive motions and *Daubert* motions deadline to August 13, 2026. *Id.*

On June 29, 2026, Defendant filed its Motion for Protective Order Regarding Plaintiff's Rule 30(b)(6) Deposition Notice. (Docket No. 64). Plaintiff filed her Response in Opposition to Motion on July 1, 2026. (Docket No. 65). After reviewing the parties' briefing, the Court entered an Order on July 2, 2026, setting forth the topics to be addressed in the corporate representative deposition. (Docket No. 66).

Thereafter, on July 21, 2026, Defendant filed its Motion to Complete the 30(b)(6) Deposition Out of Time. (Docket No. 70). Defendant argues that it should be permitted to cross-examine its corporate representative out of time, essentially citing three reasons why the motion should be granted. *Id.* at 2-3. First, Plaintiff's direct examination of the corporate representative took six hours and forty-two minutes, leaving only eighteen minutes for cross-examination. *Id.* at 2. Second, Defendant could not extend questioning past a certain time due to a preexisting childcare issue that he had "notified everyone present of earlier in the day." *Id.* Third, Defendant contends that "it became evident during the deposition that Mr. [William] Kilby did not possess sufficient knowledge to give complete answers to all the extensive questions he was asked concerning the identified topics of inquiry." *Id.*

On July 26, 2026, Plaintiff filed her Motion to Compel Additional Examination Pursuant to Rule 30(b)(6). (Docket No. 73). Plaintiff posits that she should be permitted to complete the examination of Defendant's corporate representative as to Topics 10, 11, 15, and 16 and requests reasonable costs and fees associated with bringing her motion. *Id.* at 6. She argues that Mr. Kilby was "clearly unprepared to give meaningful testimony regarding Topics 10, 11, 15, and 16[,]" and "wholly unprepared to testify regarding these topics." *Id.* at 4. Plaintiff asserts that the Court should compel Defendant to "produce an additional designee with adequate knowledge" and impose sanctions for Defendant's failure to properly prepare Mr. Kilby as its 30(b)(6) witness. *Id.*

at 4-5.  The Court held a hearing on July 28, 2026, addressing both motions.  (Docket No. 74).  As such, both motions are ripe for review.

**Discussion**

For too long, depositions have been treated as an adversarial battlefield rather than the fact-finding tool intended by the Federal Rules of Civil Procedure.  Obsessed with "winning" the deposition, counsel often resorts to obstructive tactics.  Constant interruptions, leading and suggestive objections, and arguments on the record have become the norm rather than the exception.  As a result, this important discovery tool has turned into a frustrating waste of time for the attorneys, the parties, and the court system.  Moreover, it denigrates the entire purpose of Rule 1 and Rule 30.  This case is no exception and serves to highlight the worst practices in a deposition.

This is a relatively straightforward civil rights case alleging excessive use of force by a public entity.  (*See* Docket No. 2).  There are no complex issues and the attorneys who have entered appearances are experienced litigators who have handled similar cases in the past.  Despite this, the attorneys delayed actively prosecuting this case which, in part, forms the genesis of this current dispute.  Notwithstanding the multiple extensions granted by the Court, the parties opted to depose Defendant's corporate representative on the last day of discovery.  (Docket No. 72-3).  They made this decision despite the notice containing sixteen discreet topics, including the nature of Defendant's policies and procedures, use of force complaints, staffing levels, and training.  (*See* Docket No. 72-2 at 3-4).  Moreover, the temporal scope for each of the sixteen topics spanned four years.  *Id.*

Understanding the requirements of Federal Rule of Civil Procedure 30(b)(6), Defendant chose to present a single employee, Mr. Kilby, who served as the training manager for the City of Tulsa lockup contract.  (Docket No. 72-3 at 2).  Mr. Kilby had never served as a corporate

representative prior to the deposition.  (Docket No. 72-3 at 52).  At the hearing, Defendant's counsel claimed to have spent five hours preparing Mr. Kilby, yet it became evident early in the deposition that Mr. Kilby was unable to answer questions on many of the topics.[4]  *Id.*  This fact alone meant the deposition would not be completed in a day.

Other factors contributed to the inevitable demise of the deposition, including Defendant's counsel's repeated obstruction of the deposition, the halting of the deposition for ninety minutes so counsel for Co-Defendant could attend a doctor's appointment, and the adjournment of the deposition so Defendant's attorney could relieve his nanny.[5]  (Docket Nos. 70 at 2; 72-3 at 10, 51).  If the parties had started the deposition at any time prior to the last day, these issues could have potentially been avoided.  There is no doubt that the decision to depose the corporate representative on the very last day resulted in a self-inflicted crisis.

This crisis came to a head as the deposition drew to a close.  Upon realizing that the witness was unprepared and that neither he nor Co-Defendant had examined Mr. Kilby, Defendant's counsel began exploring ways to deal with this matter.  The following colloquy took place:

> **Defendant's counsel:** Byron, it is 6:15. I've got an hour that I'll have to do with him, so we're not going to get him done today, and I actually do have to get home because my nanny can only stay so late. I'm available next week Monday, Tuesday, Wednesday, or Thursday. You name the day. Because I know that Nick is going to have questions as well. I'll waive the seven hours. And I know you're frustrated with a lot of the "I don't knows," so I'll prep him if you can give me at least Monday to meet with him and go over some more things so we can avoid any unnecessary motion practice, and you can get your answers. Is that agreeable?
>
> **Plaintiff's counsel:** Well, the problem is we've got a deadline set by the court that this has to be completed, and we're at the deadline.

---

[4] During the deposition, Defendant's counsel claimed to have spent eight hours preparing Mr. Kilby for the deposition.  (Docket No. 72-3, at p. 30 (p. 119 of the deposition, lines 18 to 23)).

[5] While the Court is sympathetic to health and childcare issues, arrangements should have been made to remedy those issues.

**Defendant's counsel:** I know.

**Plaintiff's counsel:** And know we've got rules in the court that we can take depositions out of time without a court order allowing us to do it, and so...

**Defendant's counsel:** That's a fight but unfair. And I think I told you the other day that I'd waive any objection to that and so I would join in any motion. And I understand the spot that you're in and we have Judge Steele, and that he's his own breed.

**Plaintiff's counsel:** Yeah. It just might not matter if an objection is made.

**Defendant's counsel:** I know. I know. Well let me do this, I mean

**Plaintiff's counsel:** I mean, it's really going to be, I guess--

**Defendant's counsel:** I'm trying to think like procedurally. I'm not trying to hoodwink the judge here, but, like, he doesn't-- like we don't have to tell him that we're doing it after. And I'm trying to think of any way that it would come up in front of him beyond one of us crying foul. You know what I mean?

(Docket No. 72-3 at 51).  The conversation then moved to the potential filing of a motion for continuance again demonstrating counsel's disdain for the Court's orders:

**Defendant's counsel:** And as part of that motion, I can agree to extend your response deadline. The fact is we've got velvet right now because the only -- the next deadline, the major one is not until like September as far as briefing or mid-August. And so we don't even have a pretrial or pretrial conference set. So if you're agreeable to it, I'll prepare an initial motion because I have to finish this depo. And I've got – it's got to be on the record, and I just don't have time to do it. And so would you join that motion?

*Id.* at 52.  Both parties ultimately filed the motions that are at issue, even though they knew, in no uncertain terms, that the Court had ordered the deposition be completed on that day.

### A. 30(b)(6) Depositions

The first issue to address involves Mr. Kilby serving as Defendant's corporate representative.  Rule 30(b)(6) requires the corporate party to present a witness who can respond to the areas of inquiry included in the notice for deposition.  Fed. R. Civ. P. 30(b)(6).  Indeed, corporate entities "have a duty to make a conscientious, good-faith effort to designate

6

knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006), citing *Starlight, Int'l, Inc. v. Herlihy,* 186 F.R.D. 626, 638 (D. Kan. 1999) (other citations omitted).

Defendant admittedly failed to adequately prepare its corporate representative for the deposition, despite the obligation to prepare its representative so that he "may give knowledgeable and binding answers for the corporation." *Brunet v. Quizno's Franchise Co. LLC*, No. 07-cv-01717-PAB-KMT, 2008 WL 5378140, at *2 (D. Colo. Dec. 23, 2008), citing *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996). Having failed in this obligation, Defendant has violated both Rule 30(b)(6) and the Court's Order.

### B. Deposition Conduct

Rule 30(c)(2) makes clear that an objection "must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation offered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). In the Court's Order granting in part and denying in part Defendant's Motion for Protective Order (Docket No. 66), the Court included the following footnote:

> The court expects counsel to act in a professional manner during the deposition. All objections must be stated "concisely in a nonargumentative manner and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). If a dispute arises during the deposition, counsel must fully comply with LCvR 30-1(e) of the Local Rules for the Northern District of Oklahoma. Failure to comply with this admonition will result in the imposition of sanctions.

*Id.* at 2. Thus, it cannot be said that the attorneys were unaware of the Rule 30 objection constraints or the consequences of their failure to comply. As evidenced by the transcript of Mr. Kilby's deposition, Defendant's counsel failed to heed that warning.

7

Throughout the deposition, Defendant's counsel asserted inappropriate objections, improperly instructed the witness not to answer, unnecessarily argued with opposing counsel, offered testimony, and even attempted to instruct opposing counsel as to what questions should be asked and the manner in which to ask them.  The following is illustrative of his conduct:

- Ask him a different question. Don't ask, did somebody ask you.

- Ask him a different question. Just ask him, did you gather documents? Your question was, did somebody come to you and ask you to get documents, and that's a privilege.

- That's semantics. I'm not saying anything. And I'm asking you to ask a more precise question. That's it.

- No, he's absolutely prepared, okay.  You don't get to get on the record and say he's not prepared.

- Or it's that your questions were poor.

- I'm going to fight you on that. I mean, trying to do a bank shot on the 30(b)(6) out of time and do additional discovery after discovery cutoff, I don't think that's proper. I don't think that's what the court intended.

- Well, it's not going to get resolved today. If you want to call [Judge Steele] we can, but we're doing it on the record, so you're going to be chewing up your seven hours.

- You dragged ass and are having to do a 30(b)(6) after the discovery cutoff, which I objected to, OK? You could have done this twelve months ago, and then we could have thought about this.

- And he's just said that he didn't review any eHub policies to prepare for this deposition.

- He's already testified that with respect to the use of force policy it is the city of Tulsa jail policy, which we have produced, is what governs.

- He just said what to do with Allied's policy.

- What are we talking about here? Where is imminent bodily harm?

- Just at any time they ever used force period not related to the Parker incident?

- We needed to find that information out, and the City of Tulsa produced shift reports of who was working that day. You could have reviewed those.

- And it doesn't have anything to do with the claims in the lawsuit.

- Right. And so you have spent five hours now asking questions that don't have anything to do with custom and practice as it concerns Ms. Parker on the date of the incident. And you're presumably going to go file a motion to try and sanction us on this because you didn't do your job during discovery. These would have been all great questions to cover prior to the discovery cutoff at which point there could have been follow up. You didn't do it.

- Wasting time? We've been doing five hours, and you haven't even talked about the incident until five minutes ago.

- Are you talking about in preparation for this deposition or at the time?

- That's not relevant to the claims in the lawsuit.

- Put all the documents that we produced about him in front of him and ask him questions.

- You issue your notice before the discovery cut off within a reasonable amount of time to allow for briefing on a motion to quash, not 30 days before the discovery cutoff. That was on you.

- [to the witness] If you don't remember, that's fine.

- It's not one of the topics. You're putting together a hypothetical. If the guy lies, he's got motivation here.

- So ask him those questions but you're saying what if he lied.

- There was no excessive force used on her.

(Docket 72-3 at 14-15, 22-23, 29, 30, 33, 44). Making matters worse was Defendant's counsel's unwillingness at the hearing to accept any responsibility for his conduct in the deposition. When asked at the hearing whether he fully complied with the Court's order concerning deposition conduct, he answered in the affirmative. Defense counsel's conduct was beyond the pale and is violative of both the letter and spirit of Rule 30 and this Court's order.

9

**Sanctions**

Two issues justify the imposition of sanctions. First, Defendant failed to present a corporate representative capable of answering the topics he was ordered to answer. *See e.g.*, *Miller v. NEP Grp., Inc.*, No. 15-CV-9701-JAR, 2016 WL 6395205, at *12 (D. Kan. Oct. 28, 2016) (finding that "[p]roducing an unprepared witness for a Rule 30(b)(6) deposition 'is tantamount to a failure to appear at a deposition' and therefore constitutes sanctionable conduct under Fed. R. Civ. P. 37(d)(1)(A)."). Second, Defendant's counsel willfully disregarded Rule 30 despite the Court's warning. Rule 37(b)(2) authorizes full sanctions for non-compliance with court orders. As such, sanctions are warranted.

**Conclusion**

It is against this backdrop, that the Court makes the following rulings:

1. Defendant will prepare William Kilby to testify as its corporate representative as to topics 10, 11, 15, and 16. The deposition will be completed before August 20, 2026.

2. Mr. Kilby's deposition will not exceed four hours. Plaintiff and Co-Defendant shall each be permitted two hours of examination.

3. Defendant is prohibited from conducting any cross-examination of its corporate representative, Mr. Kilby.

4. Defendant's counsel is prohibited from commenting on deposition questions or answers. Counsel may state an objection, but it shall be limited to: "object to form."

5. Plaintiff and Co-Defendant shall not pose questions that infringe upon the attorney-client privilege. Upon such a question, Defendant's counsel shall object by stating: "Objection, invades the attorney client privilege, do not answer the question." The parties shall not engage in any further discussion regarding the instruction. At the conclusion of the

deposition, the question shall be certified and filed with the court for a ruling. The non-prevailing party on the certification shall be sanctioned.

6. Upon conclusion of the deposition, Plaintiff shall deliver a copy of the transcript to the undersigned. The copy should be emailed to MTSIntake_OKND@oknd.uscourts.gov.

7. Defendant's counsel shall pay all reasonable attorneys' fees and expenses incurred for: (1) preparing Plaintiff's Motion to Compel Additional Examination Pursuant to Rule 30(b)(6) (Docket No. 73); (2) attending the hearing on said Motion; and (3) continuing the deposition. Upon payment, Defendant's counsel shall file a certificate confirming that these sanctions were paid personally by counsel or counsel's law firm. Under no circumstances shall these sanctions be shifted, charged, or passed on to Defendant.

8. A violation of this Order will result in the imposition of additional sanctions.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Complete the 30(b)(6) Deposition Out of Time (Docket No. 70) is **DENIED**, and Plaintiff's Motion to Compel Additional Examination Pursuant to Rule 30(b)(6) (Docket No. 73) is hereby **GRANTED IN PART and DENIED IN PART**. Defendant's counsel shall pay sanctions to Plaintiff as described herein.

**IT IS SO ORDERED** this 3rd day of August, 2026.

_____
MARK T. STEELE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT